IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

TAMMY M. FINCHER,                          )
                                           )
                Plaintiff,                 )
                                           )
v.                                         )          Case No. CIV-07-1317-L
                                           )
GORILLA PLUS TOOL, L.L.C., a corporation;  )
PRO STRUCTURES, L.L.C., a corporation; )
and STRATEGIC INVESTMENTS, L.L.C.,         )
a corporation,                             )
                                           )
                Defendants.                )

## O R D E R

Represented by attorney Raphael T. Glapion, plaintiff Tammy M. Fincher

filed her Complaint in this action on November 21, 2007.  The Complaint is

brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42

U.S.C. § 2000e, *et seq.*, as well as state law.  Plaintiff alleges discriminatory

employment practices on the basis of sex, including the creation of a sexually

hostile work environment, retaliation, and wrongful and constructive discharge.  In

paragraphs five through nine of the Complaint, plaintiff identifies the parties to her

lawsuit.  Paragraph 8 of the Complaint states as follows:

> Defendant STRATEGIC INVESTMENTS, L.L.C. is and was at all
> times pertinent to the filing of this Complaint an employer engaged in an
> industry affecting commerce within the meaning of Title VII, 42 U.S.C. §
> 2000e(b), (g) and (h).  At all times relevant, Defendant was and continues to
> do business in the State of Oklahoma, and has at all times had at least
> fifteen employees.  At all times relevant, Plaintiff was an employee of the
> Defendant corporation, and, in the course of her employment therewith, was

subjected to the sexually discriminatory employment practices alleged herein.

Unfortunately for plaintiff, it has now become clear that when she named Strategic Investments L.L.C. (hereafter "Strategic") in her Complaint, she sued the wrong party.

On April 9, 2008, Strategic filed its Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. Plaintiff failed to respond to this motion within the time period allowed.  The uncontested facts reveal that Strategic has never employed the plaintiff and in fact has no employees.  *See* Affidavit of W.B. "Ted" Kriegsman, Strategic's Manager, attached to Motion to Dismiss as Exhibit "A" at ¶¶ 1 through 3.  Strategic has had no business dealings with, and has had no other relationship with either plaintiff or the other named defendants.  Id., ¶¶ 5 through 8.  Mr. Kriegsman, and later, Strategic's attorneys, attempted to inform plaintiff's counsel on numerous occasions over the course of several weeks that Strategic had been improperly named in this lawsuit, but to no avail.  Id., ¶¶ 9 through 14.  Not only was Strategic required to retain counsel to address the mistake, Strategic continued to incur legal costs due to plaintiff's refusal, by inaction, to acknowledge its mistake and to dismiss Strategic in a timely manner.

On April 14, 2008, Strategic filed its Motion for Sanctions pursuant to Fed. R. Civ. P. 11(b)(3), 11(c)(2), & 11(c)(4).   Expressing no desire to unfairly punish

plaintiff's counsel, Strategic nevertheless argues that sanctions, consisting of the payment of Strategic's attorney fees, would be appropriate under the circumstances presented here.  Strategic has submitted a statement of uncontroverted material facts, supported by evidence, to support its contention that plaintiff's counsel clearly filed the Complaint against the wrong entity and then refused to dismiss the Complaint even after being provided with facts sufficient to demonstrate that Strategic had been named as a party in error.  As noted by Strategic, had plaintiff's counsel made even a minimal inquiry before naming Strategic as a defendant, he would have learned that there was no connection, and certainly no employment relationship, between plaintiff and this defendant.

Plaintiff's counsel compounded this initial error by refusing to voluntarily dismiss Strategic in a timely manner, forcing Strategic to file its Motion to Dismiss. Plaintiff failed to respond to the Motion for sanctions and has not controverted any of the facts set forth by Strategic or otherwise offered any explanation for counsel's actions.  However, on the last day for filing such a response, plaintiff filed a one sentence Dismissal with Prejudice stating only that plaintiff "dismisses with prejudice her claims against Defendant Strategic Investments, L.L.C. in the above styled matter." *See* Doc. No. 16.

Based upon the motions filed by Strategic, which are fully supported by the record, the court concludes that both dismissal of Strategic and sanctions against plaintiff's counsel are appropriate. For the reasons given in Strategic's dismissal

motion, and in light of plaintiff's Dismissal with Prejudice, Strategic is clearly entitled to dismissal from this action.

As for sanctions, it appears that Strategic failed to comply with certain notice requirements set out in Rule 11(c)(2) (motion for sanctions must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention or denial is withdrawn or appropriately corrected within 21 days). Although plaintiff's claim against Strategic was not withdrawn after sufficient notice of its error, there is no evidence that Strategic served plaintiff with the actual Motion for Sanctions, before it was filed, as contemplated under Rule 11. Thus, it does not appear that Rule 11 authorizes the imposition of sanctions in this case. However, the court finds that sanctions may appropriately be assessed by the court against plaintiff's counsel pursuant to 28 U.S.C. § 1927.

Section 1927 provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

While § 1927 targets vexatious and unreasonable multiplication of proceedings, it does not require a finding of bad faith. Hamilton v. Boise Cascade Express, 519 F.3d 1197, 1201-02 (10th Cir. 2008). Any conduct that, viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court is sanctionable. Id., *citing* Braley v. Campbell, 832 F.2d 1504,

4

1512 (10th Cir. 1987).  Here, the court finds that in naming as a defendant in an employment discrimination case an entity that has no employees, plaintiff's counsel acted in either intentional or reckless disregard of Rule 11, which requires that factual contentions have evidentiary support.  Even assuming for the sake of argument that plaintiff's counsel thought he had initially named the correct employer of his client, there is no excuse for continuing to leave Strategic in the case after it was disclosed that Strategic had no connection with the plaintiff.  This inaction by plaintiff's counsel manifests intentional or reckless disregard of applicable rules, *e.g.*, Rule 11(b)(1) which provides that by presenting a pleading to the court – whether by signing  filing, submitting, or later advocating it – the attorney certifies that it is "not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation[.]" Plaintiff's counsel's conduct, viewed objectively, manifests either intentional or reckless disregard of his duties to the court and is sanctionable.        Because Strategic was named in error at the inception of this case, the court finds that any costs and attorney fees it reasonably incurred in obtaining its ultimate dismissal from this case should be solely borne by plaintiff's counsel under § 1927.  There was no need for Strategic to have incurred any costs, expenses, or attorney fees, thus, the expenses it incurred, if reasonable, were "excess."  The court concludes that it is only fair and reasonable for plaintiff's counsel, Raphael T. Glapion, to be personally liable for these excess costs, expenses, and attorneys' fees reasonably

incurred by Strategic because of his conduct.

Accordingly, the court orders the following: Strategic shall file with the court, no later than May 20, 2008, a detailed itemization of its reasonable costs, expenses, and attorney fees incurred since the time it was served with the Complaint in this case up until the date the itemization is filed.  The court will carefully scrutinize the submission to determine if the costs, expenses, and fees incurred by Strategic are reasonable. The court will then enter its order assessing sanctions against plaintiff's counsel personally, pursuant to § 1927, and will at that time enter its order formally dismissing Strategic from this case.

In summary, Strategic's Motion to Dismiss and Motion for Sanctions **[Doc. Nos. 14 & 15]** are **GRANTED**, subject to further order, as more fully set forth above.

It is so ordered this 12th day of May, 2008.

_Tim Leonard_

TIM LEONARD
United States District Judge