IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

TAMMY M. FINCHER,                        )
                                         )
                    Plaintiff,           )
                                         )
v.                                       )        Case No. CIV-07-1317-L
                                         )
GORILLA PLUS TOOL, L.L.C., a corporation; )
PRO STRUCTURES, L.L.C., a corporation; )
and STRATEGIC INVESTMENTS, L.L.C.,       )
a corporation,                           )
                                         )
                    Defendants.          )

### O R D E R

Plaintiff Tammy M. Fincher brings this action pursuant to Title VII of the

Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000e, *et seq.,* and state law,

alleging discriminatory employment practices on the basis of sex, including the

creation of a sexually hostile work environment, retaliation, and wrongful and

constructive discharge. This matter is before the court on Defendant Gorilla Plus,

LLC's Motion to Dismiss **[Doc. No. 19]**, filed pursuant to Fed. R. Civ. P. 12(b)(6).

Defendant asserts that plaintiff has named the wrong party as a defendant,

the plaintiff was never employed by this defendant, this defendant does not have

any employees and does not meet the definition of "employer" set forth in 42

U.S.C. § 2000e(b).

The court file reflects that plaintiff has not filed a written response or objection to the Motion to Dismiss within the time limits provided.  Any motion that is not opposed within eighteen (18) days may, in the discretion of the court, be deemed confessed. LCvR 7.2(f).  In the absence of any opposition from plaintiff, the court finds that defendant's motion may properly be deemed confessed.

In addition, the court has considered the substance of defendant's motion and finds that it has merit.  Because the motion relies on evidence beyond the Complaint, the defendant asserts that the court should treat the motion as a Fed. R. Civ. P. 56 motion for summary judgment.  Plaintiff, having filed no response, has not objected to this procedure, which is authorized by Fed. R. Civ. P. 12(d). Since plaintiff was aware of defendant's position that the motion could be considered as a Rule 56 dispositive motion, but did not respond or object, the court finds it is proper to treat defendant's motion as a motion for summary judgment under Rule 56.

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c); accord Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986).  The moving party bears the initial burden of showing that there is an absence of any issues of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Hicks v. City of Watonga, 942

2

F.2d 737, 743 (10th Cir. 1991).  If the moving party meets this burden, the non-moving party then has the burden to come forward with specific facts showing that there is a genuine issue for trial as to the elements essential to the non-moving party's case.  Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986); Bacchus Indus., Inc. v. Arvin Indus., Inc., 939 F.2d 887, 891 (10th Cir. 1991).  To sustain this burden, the non-moving party cannot rest on the mere allegations in the pleadings.  Fed. R. Civ. P. 56(e); Celotex, 477 U.S. at 324; Applied Genetics Int'l. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir. 1990).  The non-moving party must point to specific facts, "by any of the kinds of evidentiary materials listed in Rule 56(c), except the pleadings themselves," to avoid summary judgment.  Celotex, 477 U.S. at 324.  Such evidence includes reference to affidavits, deposition transcripts, or specific exhibits.  Thomas v. Wichita Coca-Cola Bottling Co., 968 F.2d 1022, 1024 (10th Cir.), *cert. denied*, 506 U.S. 1013 (1992).  Any doubt as to the existence of a genuine issue of material fact must be resolved against the party seeking summary judgment.  In addition, the inferences drawn from the facts presented must be construed in the light most favorable to the nonmoving party.  Board of Education v. Pico, 457 U.S. 853, 863 (1982).  The burden is not an onerous one for the nonmoving party in each case, but does not at any point shift from the nonmovant to the district court.  Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 672 (10th Cir. 1998).

As they are uncontroverted by plaintiff, the court finds that the statements of undisputed facts submitted by defendant should be deemed admitted for purposes of summary judgment.  Accordingly, as to defendant Gorilla Plus, LLC, the following facts are not in dispute (citations to affidavits omitted):

1.      Foy Streetman is the Manager of Gorilla Plus, LLC.  Mr. Streetman is fully knowledgeable of all business matters pertaining to Gorilla Plus, LLC.

2.      Plaintiff was not employed by Gorilla Plus, LLC.

3.      The supervisor who terminated plaintiff was not employed by Gorilla Plus, LLC.

4.      Gorilla Plus, LLC has no employees.  All personnel are employed by Strategic Energy Investments, Inc. (SEII), a separate legal entity, and leased to Gorilla Plus, LLC.

5.      Plaintiff, the supervisor who terminated plaintiff's employment, and all of plaintiff's co-workers were employed by SEII, not Gorilla Plus, LLC.

6.      Gorilla Plus, LLC, Strategic Energy Investments, Inc., and Pro Structures, LLC are separate and distinct legal entities.

7.      As Gorilla Plus, LLC leases all its personnel from SEII, it has no employees.

8.      At no time has Gorilla Plus, LLC had 15 or more employees, even counting personnel leased from SEII.

9.      Plaintiff's counsel has been informed on several occasions that Gorilla Plus, LLC was not plaintiff's employer and is thus an improper

party to this action.

a.    On April 21, 2008, Mr. Stephen McCalla, counsel for Defendant Gorilla Plus, LLC, issued a letter to plaintiff's counsel informing him Gorilla Plus, LLC was misnamed as Gorilla Plus Tools, LLC.  Mr. McCalla also informed plaintiff's counsel Gorilla Plus, LLC did not have the requisite number of employees to satisfy the definition of "employer" under Title VII, 42 U.S.C. § 2000e due to the fact that all personnel were leased.  Mr. McCalla requested that Gorilla Plus, LLC be dismissed from the case as an improper party.

b.    On May 1, 2008, Mr. McCalla contacted plaintiff's counsel by telephone and again requested that Gorilla Plus, LLC be dismissed from the suit.

c.    On May 5, 2008, Mr. McCalla issued a second letter to plaintiff's counsel, informing him that Gorilla Plus, LLC did not have any employees.  This letter informed plaintiff's counsel that all Gorilla Plus, LLC personnel were employed by Strategic Energy Investments, Inc., including plaintiff and the supervisor who terminated her employment.  Mr. McCalla again requested Gorilla Plus, LLC be dismissed from the suit.

d.    On May 13, 2008, Mr. McCalla issued a third and final letter to plaintiff's counsel clearly stating that the plaintiff and her supervisor were not employed by Gorilla Plus, LLC.  The letter again informed plaintiff's counsel of the correct party to name as plaintiff's former employer (SEII).  The letter requested plaintiff's counsel to take action and dismiss the complaint against Gorilla Plus, LLC and warned that a Motion to Dismiss would follow if he failed to take action.  The letter clearly stated plaintiff's counsel needed to take action no later than May 19, 2008.

e.     On May 20, 2008, plaintiff's counsel faxed a letter dated May 16th to counsel for this defendant.  The letter was not responsive to the request to dismiss Gorilla Plus, LLC.

10.     Despite multiple occasions of being informed of Gorilla Plus, LLC's status (to wit, that it never employed the plaintiff or her supervisor), plaintiff's counsel has not dismissed Gorilla Plus, LLC from this action.

11.     Plaintiff's counsel misnamed Gorilla Plus, LLC in the complaint as Gorilla Plus Tools, LLC.

12.     A search of the Oklahoma Secretary of State's online records reveals that there is no such entity as Gorilla Plus Tools, LLC.

Title VII prohibits employers from engaging in job discrimination.  42 U.S.C. § 2000e.  A plaintiff raising Title VII claims must establish that defendant was her employer.  *See* Lockard v. Pizza Hut, Inc., 162 F.3d 1062, 1069 (10th Cir. 1998). Based upon the undisputed facts, defendant Gorilla Plus, LLC has demonstrated that it was not plaintiff's employer within the meaning of Title VII.  Plaintiff, by not objecting to the dispositive motion, has failed to come forward at the summary judgment stage to show that there is a genuine issue for trial.

Accordingly, based on plaintiff's failure to respond to defendant's Motion to Dismiss, the court finds that the motion, construed as a Motion for Summary Judgment, **[Doc. No. 19]** should be and is hereby **DEEMED CONFESSED.** Alternatively, and mindful of the standard for granting a motion for summary judgment, the court concludes that defendant's Motion to Dismiss, construed as a Motion for Summary Judgment, should be and is hereby **GRANTED on the**

**merits.** Judgment will issue on a separate document in accordance with the

federal rules of civil procedure.

It is so ordered this 20th day of June, 2008.

_____

TIM LEONARD
United States District Judge