IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TAMMY M. FINCHER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-07-1317-L |
| | ) |
| GORILLA PLUS TOOL, L.L.C., a corporation; | ) |
| PRO STRUCTURES, L.L.C., a corporation; | ) |
| and STRATEGIC INVESTMENTS, L.L.C., | ) |
| a corporation, | ) |
| | ) |
| Defendants. | ) |

## O R D E R

Plaintiff Tammy M. Fincher brings this action pursuant to Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000e, *et seq.,* and state law, alleging discriminatory employment practices on the basis of sex, including the creation of a sexually hostile work environment, retaliation, and wrongful and constructive discharge. This matter is before the court on Defendant Pro Structures, LLC's Motion to Dismiss **[Doc. No. 20]**, filed pursuant to Fed. R. Civ. P. 12(b)(6).

Defendant asserts that plaintiff has named the wrong party as a defendant, the plaintiff was never employed by this defendant, this defendant does not have any employees and does not meet the definition of "employer" set forth in 42 U.S.C. § 2000e(b), and plaintiff never filed an EEOC complaint against Pro Structures, LLC.

The court file reflects that plaintiff has not filed a written response or objection to the Motion to Dismiss within the time limits provided. Any motion that is not opposed within eighteen (18) days may, in the discretion of the court, be deemed confessed. LCvR 7.2(f). In the absence of any opposition from plaintiff, the court finds that defendant's motion may properly be deemed confessed.

In addition, the court has considered the substance of defendant's motion and finds that it has merit. Because the motion relies on evidence beyond the Complaint, the defendant asserts that the court should treat the motion as a Fed. R. Civ. P. 56 motion for summary judgment. Plaintiff, having filed no response, has not objected to this procedure, which is authorized by Fed. R. Civ. P. 12(d). Since plaintiff was aware of defendant's position that the motion could be considered as a Rule 56 dispositive motion, but did not respond or object, the court finds it is proper to treat defendant's motion as a motion for summary judgment under Rule 56.

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); accord Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The moving party bears the initial burden of showing that there is an absence of any issues of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Hicks v. City of Watonga, 942

F.2d 737, 743 (10th Cir. 1991). If the moving party meets this burden, the non-moving party then has the burden to come forward with specific facts showing that there is a genuine issue for trial as to the elements essential to the non-moving party's case. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986); Bacchus Indus., Inc. v. Arvin Indus., Inc., 939 F.2d 887, 891 (10th Cir. 1991). To sustain this burden, the non-moving party cannot rest on the mere allegations in the pleadings. Fed. R. Civ. P. 56(e); Celotex, 477 U.S. at 324; Applied Genetics Int'l. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir. 1990). The non-moving party must point to specific facts, "by any of the kinds of evidentiary materials listed in Rule 56(c), except the pleadings themselves," to avoid summary judgment. Celotex, 477 U.S. at 324. Such evidence includes reference to affidavits, deposition transcripts, or specific exhibits. Thomas v. Wichita Coca-Cola Bottling Co., 968 F.2d 1022, 1024 (10th Cir.), *cert. denied*, 506 U.S. 1013 (1992). Any doubt as to the existence of a genuine issue of material fact must be resolved against the party seeking summary judgment. In addition, the inferences drawn from the facts presented must be construed in the light most favorable to the nonmoving party. Board of Education v. Pico, 457 U.S. 853, 863 (1982). The burden is not an onerous one for the nonmoving party in each case, but does not at any point shift from the nonmovant to the district court. Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 672 (10th Cir. 1998).

As they are uncontroverted by plaintiff, the court finds that the statement of undisputed facts submitted by defendant should be deemed admitted for purposes of summary judgment. Accordingly, as to defendant Gorilla Plus, LLC, the following facts are not in dispute (citations to affidavits omitted):

1. Foy Streetman is the managing member of Pro Structures, LLC. Mr. Streetman is fully knowledgeable of all business matters pertaining to Pro Structures, LLC.

2. Plaintiff was not employed by Pro Structures, LLC.

3. The supervisor who terminated plaintiff was not employed by Pro Structures, LLC.

4. Pro Structures, LLC has no employees.

5. Pro Structures, LLC does not lease any employees from Strategic Energy Investments, Inc. (SEII) or any other entity.

6. At no time has Pro Structures, LLC had 15 or more employees, leased or otherwise.

7. Plaintiff never filed an EEOC complaint against Pro Structures, LLC.

8. Pro Structures, LLC, Gorilla Plus, LLC, and Strategic Energy Investments, Inc. are separate and distinct legal entities.

9. Plaintiff's counsel has been informed on several occasions that Pro Structures, LLC was not plaintiff's employer, that it never had an EEOC complaint filed against it, and is thus an improper party to this action.

a. On April 21, 2008, Mr. Stephen McCalla, counsel for Defendant Pro Structures, LLC, issued a letter to plaintiff's counsel informing him Pro Structures, LLC [was] wrongfully named as a party to the lawsuit. Mr. McCalla also informed plaintiff's counsel that an EEOC complaint was never filed against Pro Structures, LLC. Mr. McCalla requested Pro Structures, LLC be immediately dismissed from the case as an improper party.

b. On May 1, 2008, Mr. McCalla contacted plaintiff's counsel by telephone and again requested Pro Structures, LLC be dismissed from the suit.

c. On May 5, 2008, Mr. McCalla issued a second letter to plaintiff's counsel, reasserting that Pro Structures, LLC was an improper party, as an EEOC complaint was not filed against Pro Structures, LLC. Mr. McCalla informed plaintiff's counsel Pro Structures, LLC did not have anything to do with the leasing of personnel to Gorilla Plus, LLC. Mr. McCalla again requested Pro Structures, LLC be dismissed from the suit.

d. On May 13, 2008, Mr. McCalla issued a third and final letter to plaintiff's counsel. This letter clearly stated that the plaintiff and her supervisor were _not_ employed by Pro Structures, LLC. The letter again informed plaintiff's counsel of the correct party to name as plaintiff's former employer (SEII). The letter requested plaintiff's counsel to take action and dismiss the complaint against Pro Structures, LLC and warned that a Motion to Dismiss would follow if he failed to take action. The letter clearly stated plaintiff's counsel needed to take action no later than May 19, 2008.

e. On May 20, 2008, plaintiff's counsel faxed a letter dated May 16th to counsel for this defendant. The letter indicated Pro Structures would be dismissed upon the production of

>documentation indicating Pro Structures was an incorrect party-defendant. As noted above, plaintiff's counsel had been informed several times in writing that Pro Structures was not an appropriate party. He waited until after the date indicated in Mr. McCalla's letter to make an attempt at responding to the letter.
>
>10.   Despite multiple occasions of being informed of Pro Structures, LLC's status (to wit, that it never employed the plaintiff or her supervisor and that no EEOC complaint was ever filed against it), plaintiff's counsel has not dismissed Pro Structures, LLC from this action.

Title VII prohibits employers from engaging in job discrimination. 42 U.S.C. § 2000e. A plaintiff raising Title VII claims must establish that defendant was her employer. *See* Lockard v. Pizza Hut, Inc., 162 F.3d 1062, 1069 (10th Cir. 1998). Based upon the undisputed facts, defendant Pro Structures, LLC has demonstrated that it was not plaintiff's employer within the meaning of Title VII. Plaintiff, by not objecting to the dispositive motion, has failed to come forward at the summary judgment stage to show that there is a genuine issue for trial.

Accordingly, based on plaintiff's failure to respond to defendant's Motion to Dismiss, the court finds that the motion, construed as a Motion for Summary Judgment, **[Doc. No. 20]** should be and is hereby **DEEMED CONFESSED.** Alternatively, and mindful of the standard for granting a motion for summary judgment, the court concludes that defendant's Motion to Dismiss, construed as a Motion for Summary Judgment, should be and is hereby **GRANTED on the merits.** Judgment will issue on a separate document in accordance with the

federal rules of civil procedure.

    It is so ordered this 20th day of June, 2008.

                                                             /s/ Tim Leonard
                                                             TIM LEONARD
                                                             United States District Judge